### ASHLEY *vs.* MAY.

A judgment against a party may be set aside at the same term at which it was rendered—the proceedings of the court are under its control during the term at which they are had; and even after judgment rendered, an extension of time to plead, will, of itself, set aside the judgment.

A party cannot allege as error, anything done for his own benefit.

Where a defendant appears and claims a trial, and the plaintiff fails to appear and prosecute, he will be non-suited.

THIS was an action of debt, determined in the Johnson Circuit Court, at March term, 1841, before the Hon. R. C. S. BROWN, one of the circuit judges. Ashley sued Strayhorn and May, as partners, on a promissory note, for $284 31, executed by "A. M. Strayhorn & Co.;" the declaration contained but one count. Strayhan pleaded *non assumpsit:* May pleaded in abatement, "that he was not a partner of the firm of A. M. Strayhorn & Co., at the time said note was given and for a great time previous." These pleas were both stricken from the files on motion of the plaintiff, and Strayhorn saying nothing further in bar, final judgment was entered against him for the debt, damages, and costs. May then filed another plea, differing in no particular from the one stricken out, except that it was sworn to. To this there was a demurrer; the demurrer was sustained, and final judgment against May. The judgment however appears to have been set aside and the case continued. At the next term, May again pleaded the same plea, with the plea of *non est factum,* and *nil debit,*

all three of which were sworn to. The plaintiff failed to appear and prosecute his suit, and May had judgment to go thence without day, and recover his costs, &c. Ashley brought error.

*Ashley & Watkins*, for plaintiff.

*Linton & Batson*, contra.

*By the Court*, SEBASTIAN, J. There are two objections raised by the plaintiffs in error to the proceedings below: the first of which is that the court rendered separate judgments against the defendant below. We do not see that any judgment was rendered at all except against one of the defendants, which was done on plaintiff's motion to strike out his plea. There appears upon the record an entry of a judgment against the other defendant which is erased, and stated by the court to have been erroneously entered on the record. If indeed the judgment against May was taken at all, it was under the control of the court during the term; and as the court, during the same term, extended to the same defendant further time to plead, it would amount to a setting aside that judgment, which it was competent for the court to do. The plaintiff cannot allege as error, any thing done for his own benefit. As to the extension of time to May to plead, we see no error in that. No judgment appears against him, on record, and it was lawful for the court to extend the time for pleading, as we must presume that they had sufficient reason for so doing. The non-suit was well taken, as the plaintiff was bound to pursue his remedy, and failed to do so. Judgment affirmed.