## CAMPBELL *vs.* GARVEN, ET AL.

It is competent for a court to modify or change its proceedings, at any time during the term at which they were had.

In the oxercise of this power, it is bound by a just and legal discretion, but could not arbitrarily spurt away the rights of parties.

It is no abuse of this power to set aside an appeal on motion of the party taking it.

In ejectment a will may be proved by the subscribing witnesses—and one being dead his signature may be proved.

A. and B. claim title to land as devisees of G——, prove that the land in question was devised to them—that the patent thefore issued to G., but after his death, they take land—G. being dead at the time the patent issued makes no difference. Copies of papers of the Register of the land-office will not be admitted as evidence against a patent subsequently issued.

A patent cannot be collaterally impeached, or cancelled in a law court—those claiming under it have a perfect legal estate, upon which they can recover in ejectment.

THIS was ejectment, determined in Washington circuit court, in January, 1843, before the Hon. JOSEPH M. HOGE, one of the circuit judges.   Joseph and Elizabeth Garven on the 12th of January, 1841, sued Campbell for the east half of the north-east quarter, and the west half of the north-east quarter of section eight, township 14 north, range 32 west, containing 160 acres of land in said county.   On the

19th of May, 1841, Campbell filed his plea of not guilty; and also, a motion to dismiss the suit, because of the non-residence of the plaintiffs, which was dismissed accordingly, and final judgment rendered for costs against them, from which judgment they prayed an appeal to this court in due form; which, an affidavit being filed, was granted accordingly. On the 27th of May, 1841, the Garvens again appeared, and on their motion, *ex parte,* the case was reinstated on the docket of said circuit court, and leave, unasked for, granted to Campbell to plead. On the 19th of January, 1843, Campbell again filed his plea of not guilty, to which the Garvens joined issue, and a jury came and found Campbell guilty in manner, &c., as charged in the declaration, and judgment was rendered in conformity therewith, from which Campbell appealed to this court. By bill of exceptions taken on the part of Campbell, it appears that on the trial, the Garvens offered in evidence a paper purporting to be the will of Thomas Garven, deceased, of which a copy is as follows, to-wit: " In the name of God, Amen: I Thomas Garven, being in full possession of my reason, do make and ordain this my last will and testament. In the first place, after all my debts are paid, I give, bequeath, and leave all my property and land claims to my wife Elizabeth, and to my son Joseph, to dispose of for their own support, and for the support of Rebecca Ann and Susanna D., and for them to give to any of my orphan children, or any of my own children that may come under their care, what support they can during my wife Elizabeth's natural life, and to make that disposal of the moveable effects that she and Joseph may think proper. At the death of my wife Elizabeth, the land is to be my son Joseph's. But if he should die without issue, then the land to descend to the lawful heirs, my grandson, Usher M. Garven, to share equal with my own children in each division of my estate. I appoint my son Benjamin Garven and Samuel Newton, executors to this my last will and testament. Given under my hand and seal, this tenth day of Sept., 1834, Cane Hill, Ark's. Territory.

his<br>
THOMAS ⋈ GARVEN, [seal.]<br>
mark.

Witnesses Present: Samuel Newton, John McClellan, Mary H. Newton.

Campbell *vs.* Garven, et al.

UNITED STATES OF AMERICA, TERRITORY OF ARKANSAS, COUNTY OF WASHINGTON. } *County Court, Nov. Term,* 1834.

This, the 5th day of November, 1834, personally came in open court, Samuel Newton and John McClellan, the subscribing witnesses to the above will, and being duly sworn according to law, depose and say, that they were present, and saw and heard Thomas Garven, the testator, sign, seal, publish and pronounce, and declare the foregoing instrument of writing as and for his testament and last will, and that at the time of so doing he was in perfect and sound mind, memory and understanding, to the best of their knowledge, observation and belief.                    B. H. SMITHSON, *Clerk of said court.*

STATE OF ARKANSAS, COUNTY OF WASHINGTON. } *ss.*

Be it remembered, that on this, the 17th day of November, A. D. 1841, in vacation, before me, B. H. Pierson, clerk of the circuit court, and ex-officio clerk of the court of probate, for the county of Washington, aforesaid, personally came Samuel Newton and John McClellan, the attesting wisnesses to the annexed last will of Thomas Garven, deceased, and after being by me duly sworn according to law, each for himself deposeth and saith, that Thomas Garven the testator, signed the annexed instrument of writing, by making his mark thereto, as his last will and testament; that he was of sound mind at the time of signing the same, and that the said affiance at the request of the said testator signed their names thereto as witnesses, in the presence of the said Thomas Garven; and the said Samuel Newton further deposeth and saith, that he saw Mary H. Newton, one of the subscribing witnesses to the foregoing and annexed instrument of writing, who is now dead, late wife of the said Samuel Newton, sign the said instrument of writing as witness thereto, and that she signed it at the request of the testator.

In testimony whereof, I hereunto set my hand as clerk of said court, and affixed the seal of my office, this day and date above written.

B. H. PIERSON, *Clerk.*

This paper so offered in evidence, was at first excluded on motion

of the said Campbell.   The court then permitted the plaintiffs below to prove by the said Samuel Newton, one of the subscribing witnesses to said paper, and one of the executors named therein, that he wrote said instrument at the reguest of the testator; and that he and Mrs. Newton (who was his wife) another of the subscribing witnesses, were present at the time that testator subscribed it as his last will and testament, and subscribed it as witnesses in presence of each other, and at the request, and in the presence of the testator; that he saw the testator sign his name; that Mrs. Newton was present, and that the attention of all present were called to the act, but does not know that Mrs. Newton saw testator sign his name; that he saw McClellan, the other witness, sign his name thereto, in presence of the testator; that testator at the time was in sound mind; that the other subscribing witnesses were dead; that their signatures are genuine: whereupon Campbell moved the court to instruct the jury to disregard said evidence, which the court overruled, and decided that said will was sufficiently proved, and permitted it to be read to the jury as evidence, to which Campbell excepted.   The Garvens then offered in evidence a patent issued by the President, dated January 1st, 1839, to the said testator, after his death, under pre-emption certificate, No. 1,921, to said lands, to which Campbell objected, but the court permitted it to be read, which was also objected to.   Campbell then offered in evidence the copy of an entry, authenticated by the Register of the land-office, dated June 1, 1837, by Thomas Garven's heirs for said lands, under the pre-emption act of the 14th July, 1832, and an application, No. 1,921, under said act, dated June 1, 1837, by Sarah Davidson and eight others, as the heirs and legal representatives of Thomas Garven, deceased, to enter said land, accompanied by an affidavit that they were his heirs, which was also authenticated by the Register; which the court rejected and an exception was taken thereto.

*Fowler*, for appellant.   It is contended on the part of Campbell, that when the final judgment dismissing the case was rendered against the Garvens, and they prayed an appeal to the Supreme Court, which was granted, the circuit court lost its jurisdiction of the case absolutely, especially as the judgment and grant of the appeal was never set

aside, nor the cause with Campbell's consent or appearance in court re-instated, and that all the subsequent proceedings were *coram non judice*. After the judgment and appeal by the Garvens, Campbell never again appeared until the expiration of nearly two years; and this could surely not restore the jurisdiction. See 4 *Ark. Rep.* 162., *Frazier and Tunstall vs. Fortenberry. Rev. Stat.* 638, 644. 1 *Ark. Rep.* 499, 500, *Smith vs. Stinnett.*

The paper purporting to be a will was improperly admitted in evidence. *First,* Because it was not proved and established according to law: the first certificate of authentication being utterly defective in substance, and not under the official seal of the clerk. *Steele and McCampbell's Dig.* 557, 559. *Secondly,* Because, according to the second certificate of authentication, the law for the probate of wills was not complied with, and it is defective as the first certificate and for same reasons. Newton, one of the subscribing witnesses, being executor, was incompetent to establish the will, and his wife, another of them, was consequently, also, incompetent. See *Rev. Stat. p.* 765, *sec.* 4, 5; *p.* 767, *sec.* 16, 17, 18; *p.* 768, *sec.* 21 *and* 23; *p.* 769, *sec.* 28, 29; *p.* 770, 771. *And thirdly,* Because parol evidence was improperly admitted on the trial, to aid the defective probate of said will. A will being in every respect a creature of the statute law, the statutes regulating their execution and *probate* must be complied with before they have any validity whatever.

The patent issued to Garven *after* his death should have been excluded, because he was not in being at the time that it was issued. It should have been issued to his heirs.

The copy of the entry of said lands in controversy, offered in evidence by Campbell, made in the name of Garven's heirs and other persons than the plaintiff in ejectment, ought to have been admitted in evidence, as conducing to prove that the title to said land was in third persons, and not in said plaintiffs in ejectment.

*D. Walker,* contra. But two points are presented for the investigation of this court. *First,* Was the will of Thomas sufficiently proved? *Second,* Did the circuit court properly exclude the evidence offered by the defendants?

Campbell *vs.* Garven, et al.

To sustain the decision of the circuit court on the first point, it is only necessary to compare the evidence with the statute in force at the time the will was executed, and the statute since passed on the subject proving wills, and a strict conformity with the law will be found to exist. *Steele & McCampbell's Dig.*, and *Rev. Stat. p.* 770, *sec.* 39 *and* 40.

The circuit court properly excluded the papers offered in evidence. They had no tendency to prove or disprove the facts in issue. It is a well settled principle, that if the error relied on consists in the exclusion of evidence, the bill of exceptions should show that such evidence was relevant at the time offered. See 3 *Phil. Ev.* 792. 1 *Cranch* 132. 11 *Wend.* 422, 428. That the evidence may possibly become relevant is not sufficient. It must distinctly appear how it is so.

The objection to the patent as evidence does not deserve, in our opinion, any notice. The act of Congress vests in the heirs title, even though the patent issue after the death of the patentee. Whether it was or or not the same land referred to in that general devise of all lands, &c., was the subject of other proof, and no cause for totally rejecting the patent as evidence.

*By the Court,* LACY J. [At January term, 1844.] It is certainly competent for the circuit court to modify or change its proceedings and judgments at any time during the term at which they were had, and before the same has finally expired. Within that time they are in contemplation of law supposed to be and remain in the breast of the judge for the purposes of revision and correction. In the exercise of this power, the court, as in all other cases, would be bound by a just legal discretion, and would not, in its practice, be permitted capriciously and arbitrarily to sport away the vested rights of parties. In the present instance we perceive not the slightest abuse of power or discretion, in first granting to the defendants an appeal, and then upon his own motion during the same term and on the succeeding day re-instating the case on the docket, and subsequently trying and determining it. The opposite party made no objection to the motion, and the court set aside the order of appeal, and allowed the defendant to put in additional pleas, upon which the cause was afterwards heard, and

Campbell *vs.* Garven, et al.

judgment was thereupon rendered for the plaintiffs. In this, there was no error.

The court below properly admitted the will of Thomas Garven, deceased, to be proved by the subscribing witnesses. One of the witnesses testified that he was present, and saw the testator sign and acknowledge it, and that he was of sound mind, and disposing memory. The death of the other witness was then proved and the genuineness of his signature established. Upon this proof the court allowed the will to be read as evidence in the cause. It is true that the will was not regularly probated, so as to give to it the sanction and verity of a judicial record. The lessors of the plaintiff claim title to the land in ejectment as devisees of Thomas Garven, deceased, and showed that it was devised to them. They produced the patent to Thomas Garven, which issued since his death agreeably to an act of Congress, which described the premises. In such a case the patent is as valid as if it had issued before his death, and his devisess take under it in the same manner they would if he had been living at the time of its issuance. To resist this title the defendant offers a regularly certified copy from the books of the Register of the land-office, at Fayetteville, showing that sundry persons claiming to be heirs and representatives of Thomas Garven, deceased, entered the same land before the patent issued. The court rightly rejected this testimony. It certainly requires neither argument or authority to prove that in such case as we are now considering a patent cannot be impeached collaterally or cancelled in a court of law. Those who claim under it have a perfect legal estate of which can they recover possession in the present action of ejectment. Judgment affirmed.

*Fowler* for the appellant moved for a reconsidertion, but at July 1844, withdrew his motion.