LUSBY *v.* SACHS.

Opinion delivered December 7, 1931.

X. O. *Pindall* and *Wm. H. Lusby,* for appellant.

*Sam M. Wassel* for certain interveners, and *D. K. Hawthorne,* for appellee.

MEHAFFY, J. Appellant, W. H. Lusby, who had been in the drug business in the city of Little Rock for a number of years, in January, 1930, closed his store and stored his stock of goods. About the 24th day of February, 1930, he purchased through appellee, from Mrs. Bertha Koban, a stock of goods, merchandise and fixtures, and executed his promissory note for the sum of $745, payable in monthly installments, and on the same day, to secure payment of the note, he executed and delivered to Mrs. Koban a chattel mortgage, which included the property purchased by appellant and also some merchandise and fixtures that appellant owned.

On the 7th day of June, 1930, Bertha Koban, the mortgagee, assigned and transferred the note and mortgage to appellee, M. L. Sachs. The note was not paid, and on July 1, 1930, appellee begun suit in the Pulaski Chancery Court to recover on said note and foreclose the mortgage.

On the same day that suit was filed, the court appointed a receiver to take charge of said property. On the 21st day of July, the appellant, W. H. Lusby, filed an answer to the original suit, denying all the material allegations in the complaint, and also filed a cross-complaint against M. L. Sachs and Bertha Koban.

On the 22nd day of July, 1930, W. H. I. Tate filed an intervention, alleging that Lusby was indebted to him in the sum of $1,350, evidenced by a promissory note

which was filed and made a part of his intervention. It was alleged that the indebtedness was incurred prior to the giving of the chattel mortgage to Koban, and it also alleged that the giving of the mortgage was contrary to the statute, and void, because no notice was given and no certified list of creditors as required by statute. He alleged that the mortgage was void, and asked that it be so held, and that the goods should be held in trust for the benefit of intervener.

On the same day, July 22d, Dad Chemical Company filed an intervention, claiming that W. H. Lusby was indebted to it in the sum of $39.50, and attached to the intervention was an itemized statement of account. The same allegations were made in this intervention that were made in the intervention of Tate.

Appellant filed answer to the intervention, and Bertha Koban and appellee filed their answer to the cross-complaint.

On July 28, 1930, the chancery court ordered the receiver to sell the property described in the mortgage. The receiver made a sale, and filed his report. Exceptions were filed to the report of the receiver and objections to confirmation of the sale.

On August 16, 1930, the case was heard on oral testimony and a decree was entered, finding that the appellant, W. H. Lusby, was indebted to the appellee, M. L. Sachs, $745, evidenced by promissory note and secured by mortgage upon certain property, describing it, and that appellant, Lusby, was also indebted to appellee, Sachs, in the sum of $120 for rent due.

The decree was also for 7 per cent. interest on the $745 and 6 per cent. on the $120. The court, after finding the amount due appellee, ordered the sale of the property, dismissed the cross-complaint of appellant, and continued the cause as to the intervention for further hearing. The decree directed the receiver to hold such money or securities as he received until the further order of the court.

The appellant and cross-complainant prayed and was granted an appeal to the Supreme Court. The interveners did not pray an appeal.

On September 11, 1930, Vadsco-Dales Corporation filed an intervention, claiming that appellant, Lusby, was indebted to it in the sum of $39.93, and that this indebtedness arose prior to the mortgage, and that the mortgage was void. It asked that the proceeds of the sale of the property be distributed *pro rata* amongst intervener and other creditors.

On November 12, 1930, W. H. Lusby filed a motion to set aside the judgment and decrees of the court. There was certain property that it was claimed belonged to others, and the appellee agreed that he had no mortgage on it, and it was turned over to the persons claiming it.

Mrs. Loella Lusby filed an intervention, claiming that she was entitled to salary, and, $100 was allowed her. There was also an allowance for rent to the Pulaski Building & Loan Association.

On January 21, 1931, after hearing oral testimony, the court allowed the claims of the interveners and directed the receiver to pay the rent, $120, and, by consent, the judgment formally entered against Lusby in favor of Sachs was credited with $213.89, leaving a balance of $531.11. The receiver was ordered to sell at private sale the merchandise and fixtures.

On February 8, 1931, the receiver was directed to accept a bid of $275 for the property, and the sale for that amount was confirmed. The receiver was directed to pay expenses incurred by him as shown by his report.

On the 10th day of February, 1931, by consent of all parties, all the expenses of the receiver, except the rent, was to be paid first, and after the payment of all other expenses, he was directed to pay the rent, and, upon the payment of this money as directed by the court, it was ordered that the receiver and the sureties on his bond be discharged and relieved.

Testimony of a number of witnesses was taken before the chancellor entered the decrees mentioned, and

on July 17, 1931, the appellant, W. H. Lusby, W. H. I. Tate, Dad Chemical Company, Mrs. Loella Lusby, and E. B. Jones prayed an appeal to the Supreme Court, which was on that day granted.

When the decree of foreclosure was granted on August 16, 1930, the parties were present, and the defendant prayed and was granted an appeal to the Supreme Court. The decree was entered for judgment in favor of the appellee against the appellant, Lusby, for the amount sued for and the cross-complaint of appellant, Lusby was on that day dismissed.

The cause was continued as to the interventions. It was evidently continued, however, for the sole purpose of determining the rights of the interveners as against appellant, W. H. Lusby. The court necessarily found that appellant was indebted to the appellee, and that the mortgage was valid and binding, and therefore its foreclosure was ordered. The court necessarily considered all the questions involving the validity of the debt and mortgage, and the decree of August 16, 1930, was a final decree. The statute provides: "A judgment is the final determination of the rights of the parties in the action." Section 6233, Crawford & Moses' Digest. All the rights as between appellant, Lusby, and appellee, Sachs, were finally determined on August 16, 1930, and the rights of the interveners, so far as they affected the appellee, were also determined.

Appeals must be taken within six months next after the rendition of the judgment, order or decree, sought to be reviewed. Section 2140, Crawford & Moses' Digest; *Stephens* v. *Williams,* 122 Ark. 255, 183 S. W. 527; *Newald* v. *Valley Farming Co.,* 133 Ark. 456, 202 S. W. 838.

"In peculiar cases the court may decree as to certain defendants, or property, while all the equities as to the other defendants and property are reserved for further consideration; and yet this decree as to certain defendants or property may be final. If, in the course of the proceedings, final decrees vital to the interest of any of the litigants are made, an appeal may be had." *Flan-*

*nigan* v. *Drainage District No. 17*, 176 Ark. 31, 2 S. W. (2d) 70.

There can be no question but what the decree of August 16, 1930, was final as to Sachs and Lusby. The court decreed the amount due from Lusby and dismissed Lusby's cross-complaint, and Lusby prayed an appeal at the time, but did not perfect it.

In the decree, however, the cause as to the intervention was continued for further hearing. There could not have been any further hearing as to the validity of the note and mortgage. The contention made by the interveners is that the mortgage was void because the sale of the property was made in violation of the statute.

It is contended by the interveners that they are entitled to a judgment against Sachs because of a violation of the Bulk Sales Law.

They cite and rely on, first, *Prins* v. *American Trust Co.*, 169 Ark. 455, 275 S. W. 914. This case construes § 4870 of Crawford & Moses' Digest, but this section does not make void a sale of a stock of merchandise, even when not complied with, except as to creditors. None of the interveners were creditors of Mrs. Koban. She sold the property to Lusby, and at the same time took note and mortgage from Lusby for the amount. It is not claimed that Mrs. Koban was indebted to any of the parties, and there is no claim that she did not have the right to sell in bulk or any other way she might wish to sell.

There could therefore be no question about the validity of the mortgage as to the property sold by Mrs. Koban, and this was the bulk of the property contained in the mortgage. In fact, the evidence does not show the value of the property included in the mortgage which belonged to Lusby. Lusby was not at the time engaged in business, but his property was stored, and, in order to go into business, he purchased the property from Mrs. Koban, and gave a mortgage on it and some of his own property to secure the payment of the indebtedness to Mrs. Koban.

The part of the property that originally belonged to Lusby was of very small value, and was, in fact, put into

the mortgage with the other property, to enable Lusby to go into business again. He was not only not selling his property in violation of the Bulk Sales Law, but he was endeavoring to establish himself in business again.

This court has said that the Bulk Sales Law was never intended to prevent a merchant from moving his business to a new location, and in so doing dispose of odds and ends or remnants. The purpose of the act was to prevent fraudulent sales. *Fiske Rubber Co.* v. *Hayes*, 131 Ark. 248, 199 S. W. 96.

A chattel mortgage covering a stock of merchandise, where the mortgagor remains in possession and has the usual right of redemption, creates a lien only, and does not pass title, and is not a sale, exchange or assignment within the meaning of the Bulk Sales Law, and is therefore not within the inhibition of the statute. *Farrow* v. *Farrow*, 136 Ark. 140, 206 S. W. 134.

As we have already said, however, the decree of August 16, 1930, necessarily considered all these matters. The chancery court found the mortgage valid as to all the property, dismissed appellant's cross-complaint, and this decree was not appealed from within time.

There is no evidence in the record of any fraudulent sale in violation of law, but, if such evidence had been introduced, the finding of facts by the chancellor could not be disturbed by this court, unless the finding was against the preponderance of the evidence. We do not think it was.

Lusby had owed these interveners, and the amounts had been due several months, and Lusby had quit business, and had no stock of merchandise in business, owned this property, which he pledged with other property purchased to enable him to go into business again. No effort was made by the interveners to collect their debts, and no claim by them that there was any violation of the Bulk Sales Law, until the appellee undertook to foreclose the mortgage.

The finding of the chancellor is sustained by the evidence, and the decree is therefore affirmed.