MCDONALD *v.* THE OLLA STATE BANK.

4-4251

Opinion delivered April 20, 1936.

604

W. F. Norrell and *James Merritt,* for appellants.

*John Baxter,* for appellee.

JOHNSON, C. J. This is a foreclosure action instituted by appellee, The Olla State Bank, domiciled in the State of Louisiana, against appellants, J. M. McDonald and his wife in the Desha Chancery Court.

Appellants by answer admitted the execution of the mortgage and accompanying note, but denied that appellee was the owner thereof, and affirmatively pleaded payment. The testimony adduced at the trial upon the issues joined was to the effect: That on February 27, 1930, J. M. McDonald and wife executed and delivered to Mrs. Caroline Willis a note for the sum of $2,500 secured by a real estate mortgage upon certain lands situated in Desha County. Mrs. Willis is the mother of J. M. McDonald. More particularly the testimony on behalf of appellee tended to show that on February 26, 1930, appellant J. M. McDonald and his mother, Mrs. Willis, came to the bank's place of business and endeavored to negotiate a loan in McDonald's behalf. The bank refused to make the loan to McDonald because he resided in the State of Arkansas and the lands offered as security were also located in Arkansas. The bank did agree, however, to make a loan of $2,500 to Mrs. Willis who resided in the State of

Louisiana. The bank thereupon issued a cashier's check in favor of McDonald for $2,500, the amount of the loan, and Mrs. Willis executed her note as evidence thereof, and subsequently delivered to the bank, as collateral security to her note, the McDonald note and mortgage. McDonald's note and mortgage to Mrs. Willis were accepted by the bank without the written indorsement of the obligee. On October 30, 1931, J. M. McDonald paid to the bank $100 which was applied by it upon the accrued interest on his note. Default having been made in the payment of both the Willis and McDonald notes in 1933, a suit was instituted by the bank in the Louisiana court against Mrs. Willis, but the fruits of this litigation proved to be entirely insufficient to pay the debt; therefore, the present pursuit of the Arkansas collateral.

On behalf of appellants the testimony tended to show that on April 29, 1932, J. M. McDonald paid to Mrs. Willis the full sum due her under the note and mortgage of February 27, 1930, and thereupon Mrs. Willis satisfied of record the mortgage instrument which had not theretofore been assigned of record. These facts of payment were established by the testimony of J. M. McDonald and Mrs. Willis.

The chancellor in vacation on November 29, 1934, upon the testimony theretofore adduced by the parties, rendered his written findings of fact and declarations of law in which the issues were determined in favor of defendants or appellants here. The following declarations appear in the chancellor's findings: "From the above it must, by this court, be held that plaintiff did not obtain the note in due course, for value without notice and before maturity. That the note executed by the McDonalds to Mrs. Willis, now McManus, has been fully discharged, and that plaintiff's bill dismissed for want of equity.

"Solicitors for defendants will prepare a precedent in conformity with this opinion, saving appeal to plaintiff, should same be desired, with a copy to plaintiff's solicitor and the original to this court for approval.

"Done in chambers, in the city of Dermott, Arkansas, this the 29th day of November, 1934.

"E. G. HAMMOCK,
"Judge 2nd Chancery Dist. Ark."

The foregoing findings of fact and declarations of law were not filed, however, with the clerk of the Desha Chancery Court until December 3, 1935. On April 15, 1935, a decree was entered conforming to the findings of the chancellor heretofore set out. On September 8, 1935, appellee filed its motion to vacate the decree of April 15, 1935, and for cause alleged that Mrs. Willis, a material witness for appellant in the trial had repudiated her testimony given at said trial, and her affidavit to this effect was filed as an exhibit to said motion. Testimony was heard on the motion to vacate, at the conclusion of which the motion was sustained, and the former decree was vacated as prayed, and one was entered in favor of appellee from which this appeal comes.

Primarily, appellants contend that the Desha Chancery Court was without power to vacate the decree of April 15, 1935, because the decree was in effect made on November 29, 1934, or during the October, 1934, term of said court, and that since appellee's motion to vacate was not filed until September, 1935, it was beyond the term; that it stated no statutory cause for vacating the former decree, and, therefore, should have been overruled or denied by the chancellor. This contention cannot be sustained. The written memorandum of the chancellor of date November 29, 1934, was executed in vacation, and the same was not filed with the clerk of the Desha Chancery Court until more than one year subsequent thereto; therefore, there was no substantial evidence that the cause was adjudicated prior to the decree of April 15, 1935. We, therefore, conclude that the cause of action was primarily adjudicated on April 15, 1935. *Red Bud Realty Co.* v. *South,* 145 Ark. 604, 224 S. W. 964; *Poe* v. *Walker,* 183 Ark. 659, 37 S. W. (2d) 866.

The statutes provide that the regular terms of the Desha Chancery Court shall be held on the third Monday in April and October each year. We judicially know

that April 15, 1935, was the first day of the regular April term of said court. It follows from this determination that appellee's motion to vacate, filed on September 9, 1935, fell within the April, 1935, term of said court.

The law is that motions to vacate judgments or decrees filed within the term at which such judgments or decrees are entered are addressed to the sound discretion of the trial courts, and need not conform to statutes relating to vacating of judgments and decrees after the expiration of the term of court at which they were rendered. *Ashley* v. *May,* 5 Ark. 408; *Campbell* v. *Garven,* 5 Ark. 485; *Wells Fargo & Company* v. *W. B. Baker Lbr. Co.,* 107 Ark. 415, 155 S. W. 122.

In other words the court to which the instant motion to vacate was addressed might have, at the instance of any interested party or of his own motion with or without affirmative cause, vacated its former ·decree and thereupon enter such decree as a preponderance of the testimony warranted, and to his conscience seemed proper and right. It follows from this conclusion that the decree in favor of appellee must be reviewed upon its merits, when measured by the testimony adduced.

Appellant's next contention is that the chancellor's finding of fact is against a preponderance of the testimony. On the trial, appellants admitted the execution of the note and mortgage held by appellee; therefore, the burden of establishing their affirmative defense of payment rested upon them. *Dodd* v. *Dodd,* 189 Ark. 1171, 70 S. W. (2d) 850; *Smith* v. *Ryan,* 175 Ark. 23, 298 S. W. 498; *Toland* v. *Forbes,* 178 Ark. 1200, 12 S. W. (2d) 402.

On this issue, appellant, J. M. McDonald, testified that he paid his mother, Mrs. Willis, in cash the full amount of the note. Mrs. Willis at the former trial testified to the same fact, but subsequently repudiated her testimony in detail. The chancellor evidently, as he had a right to do, disregarded the whole of the testimony of Mrs. Willis upon consideration of the motion to vacate. Substantially, this left only the testimony of J. M. McDonald establishing payment. In a long line of opinions we have consistently held that the testimony of interested

parties is never considered as uncontradicted. *Bridges v. Shapleigh Hdw. Co.,* 186 Ark. 993, 57 S. W. (2d) 405; *Davis* v. *Oakes,* 187 Ark. 501, 60 S. W. (2d) 922; *Walker* v. *Eller,* 178 Ark. 183, 10 S. W. (2d) 14.

Moreover, J. M. McDonald admitted that in 1931 he sent to appellee bank $100 which was applied by the bank upon past-due interest. It appears, therefore, that the question of payment of the note and McDonald's good faith in this regard rested upon conflicting facts and circumstances, and the chancellor's determination thereof is not against the clear preponderance of the testimony. *Jackson* v. *Banks,* 182 Ark. 1185, 33 S. W. (2d) 40; *First National Bank* v. *Walker,* 183 Ark. 1153, 38 S. W. (2d) 306; *Greer* v. *Stilwell,* 184 Ark. 929, 44 S. W. (2d) 348.

Lastly appellants assert that appellee had no title to the note or mortgage because not indorsed and assigned by the payee. The indorsement of the note by the payee is not necessary to appellee's title and ownership thereof. It is so expressly provided by § 7815 of Crawford & Moses' Digest. True, it is, that appellee's ownership of this note and mortgage without indorsement or assignment is subject to all equities existing between J. M. McDonald and Mrs. Willis, but the chancellor has affirmatively found that no such equities exist.

No error appearing, the decree is affirmed.