LASHBROOK v. TRI-COUNTY HIGHWAY IMPROVEMENT DISTRICT.

Opinion delivered March 13, 1922.

1.  EQUITY—JURISDICTION TO ADMINISTER COMPLETE RELIEF.—Where property-owners in a road improvement district brought suit in equity to enjoin the commissioners from proceeding with the contemplated improvements upon the ground that the cost of the improvement would exceed the benefits to the lands embraced within the district, and the court ordered the work stopped, it also had jurisdiction to wind up the affairs of the district and to adjudicate claims against the district.

2.  JUDGMENT—DECREE ADJUDICATING CLAIMS AGAINST HIGHWAY DISTRICT.—A decree adjudicating claims against a highway improvement district which had been enjoined from prosecuting the improvement work is binding on all parties in collateral attack, save for fraud in its procurement.

3.  FRAUD—MODE OF PLEADING.—Acts constituting fraud must be specifically pleaded in order to charge fraud.

4. PLEADING—ADMISSIONS BY DEMURRER.—General allegations of fraud are not admitted to be true by demurrer.

Appeal from Craighead Chancery Court, Western District; *William F. Kirsch*, Special Chancellor; affirmed.

*H. M. Mayes,* for appellant.

If the allegations of a complaint are sufficiently but imperfectly stated, a demurrer will not lie, the remedy being by motion to make more definite and certain. 133 Ark. 188; 146 Ark. 227. The acting commissioners were not qualified commissioners and were without authority to make the allowances. Plaintiffs had a right to question the commissioners allowing the engineer excessive and unreasonable compensation. 227 S. W. 988.

The court had no power to dissolve the district and to bind the lands therein for invalid or fraudulent claims. 231 S. W. 522; 231 S. W. 197; 232 S. W. 596; 142 Ark. 21; 120 Ark. 212; 119 Ark. 166; 115 Ark. 88; 94 Ark. 381; 114 Ark. 366.

Had the Legislature authorized the settlement of the affairs of the district, even then the commissioners' settlements would not be final. 232 S. W. 434.

It is within the jurisdiction of a court of equity to restrain illegal expenditures and unlawful actions by commissioners. 146 Ark. 494. 144 Ark. 169.

The only expenses for which a lien can be fixed are for preliminary expenses. 127 Ark. 1; 119 Ark. 188.

*Frierson & Penix, A. P. Patton, Fuhr & Futrell, D. K. Hawthorne, Hawthorne & Hawthorne* and *Lamb & Frierson,* for appellee.

The allegations of fraud were general, and a demurrer would lie. 5 Ark. 395; 24 Ark. 459; 34 Ark. 63; *Id.* 291; 35 Ark. 555; 17 Ark. 603; 14 Ark. 360; 20 Ark. 526; 77 Ark. 355; 121 Ark. 261.

There was no fraud upon the court in the procurement of the decrees of Aug. 24 and Nov. 30, 1920, and March 21, 1921.

The acting commissioners were qualified commissioners. 134 Ark. 109; 52 Ark. 356; 22 R. C. L. 398, sec. 38; 6 Cal. 94; 129 N. Y. 360, note.

There was no attempt to dissolve the district. The course pursued by the court was proper. 142 Ark. 21; 232 S. W. 596.

Exhibits to a complaint are a part thereof and control, but the filing of a demurrer does not admit the truth of any allegation in a complaint shown by an exhibit to be untrue, nor the truth of a mere declaration of law. 34 Ark. 722; 72 Ark. 119; 39 Miss. 214; 29 R. C. L. p. 506, sec. 70; 31 Cyc. 337 (c); nor any fact that is not well pleaded. 7 Ark. 282; 5 Ark. 661.

HUMPHREYS, J. This is an appeal from a decree of the chancery court for the Western district of Craighead County, sustaining demurrers to appellants' amended bill and dismissing same for want of equity. The purpose of the bill was to cancel decrees rendered by said court on August 24, 1920, November 30, 1920, and the ‒‒‒‒‒ day of March, 1921, and to contest the claims allowed against the Tri-County Highway Improvement District in the decree of November 30, 1920, upon the grounds, first, that the chancery court had no jurisdiction to wind up the affairs of the district and allow claims; and, second, that the allowance of the claims was procured through the fraud of the claimants.

(1). The appellants in the instant case were parties plaintiffs to the suits in which the decrees referred to were rendered, the second and third decrees referred to being supplemental decrees to the decree rendered on August 24, 1920. The purpose of that suit, as indicated by the decree of August 24, 1920, filed as an exhibit to appellants' bill in the instant case, was to restrain the commissioners from proceeding with the construction of the improvements in said district, upon the ground that the cost of the improvements to be made would exceed the benefits to the lands in the district. The property owners in the district had a right to enjoin the commis-

sioners from proceeding with the contemplated improvements upon the ground alleged, namely, that the cost of the improvements would exceed the benefits to the lands embraced within the district, and, having taken jurisdiction for this purpose, the court acquired jurisdiction for all purposes relating to the subject matter in litigation. In upholding the validity of a statute conferring jurisdiction upon the chancery court of Jackson County to wind up the affairs of a road district and adjudicate the claims against it, the court said, in *Bowman Eng. Co.* v. *Arkansas & Missouri Highway District,* 151 Ark. 47, that "this power could rightfully be conferred as a part of the general jurisdiction of chancery courts over the enforcement of liens on real estate." This was upon the principle that the matters related and incident to subject-matters within the jurisdiction of the court are necessarily drawn into the litigation for adjudication. We think, therefore, when appellants instituted suit in the chancery court to enjoin the commissioners from proceeding with the work upon alleged grounds within the jurisdiction of the court, and the court ordered the work stopped, as an incident thereto the court acquired jurisdiction to bring in creditors and adjudicate claims against the district. In the exercise of its power the court directed the commissioners, in the decree of August 24, 1920, to investigate and report all claims against the district to the court for approval. In the decree rendered on November 30, 1920, with all necessary parties, including appellants in the instant case, before the court, and after a full hearing, according to the recitals therein, the court allowed the claims sought to be contested in this case. The court having acquired jurisdiction of the parties and the subject-matter, the decree became final and binding upon all the parties thereto, and impervious to collateral attack by any of them, except for fraud in the procurement of same.

(2). Appellants have assailed the decrees on the ground that they were procured by the creditors through

fraud, but the allegations of fraud contained in their bill do not meet the requirements of the law. It is a well established rule in the law that acts constituting fraud must be specifically pleaded in order to charge fraud. In other words, that a general charge of fraud amounts to no charge, and is demurrable. *Nelson* v. *Cowling,* 77 Ark. 355, and cases therein cited to the point. The charge of fraud in appellants' bill consisted in allegations, in substance, to the effect that the creditors procured the allowance of illegal and non-enforceable claims by acting commissioners who were not qualified, and the subsequent approval thereof by the court in the decrees sought to be canceled. The facts as to why the claims are illegal and non-enforceable, or why the acting commissioners were disqualified, are not pleaded. The allegations are general and not specific, and on that account the demurrer to the bill was properly sustained. Appellants contend that the demurrer to their bill admitted the claims were illegal and non-enforceable, and that the commissioners allowing them were disqualified, and that the decrees approving the allowances were fraudulently procured. This is not correct, for matters not properly and correctly pleaded are not admitted by a demurrer. Only matters which are properly pleaded can be said to be admitted by demurrer.

No error appearing in the record, the decree is affirmed.