OLD AMERICAN INSURANCE COMPANY *v.* PERRY.

Opinion delivered December 22, 1924.

1. EQUITY—PREMATURE ENTRY OF DECREE.—A decree rendered in defendant's absence before the expiration of 90 days after the pleadings were completed was premature and erroneous, under Crawford & Moses' Dig., § 1288.

2. EQUITY—PREMATURE ENTRY OF DECREE—REMEDY.—After adjournment of the court, the remedy to correct a decree which was prematurely rendered is by appeal, and not by motion to vacate the decree.

3. JUDGMENT—VACATION AFTER TERM.—A decree will not be set aside after expiration of the term in which it was rendered except for the grounds specified in Crawford & Moses' Dig., §§ 6290-6296.

4.  JUDGMENT—VACATION FOR FRAUD.—Mere entry of a judgment
which was erroneous under Crawford & Moses' Dig., § 1288,
because prematurely rendered, was not a fraud within §§ 6290,
6296, *Id.* so as to entitle the defendant to have the decree set
aside after expiration of the term, in the absence of a showing
that the court was imposed upon in rendering the decree.

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

*Neill Bohlinger,* for appellant.

The decree was void for the reason that it was taken by default before the time allowed by statute for completion of the testimony.  C. & M. Digest, § 1288. The settlement shown by the release was a compromise of a disputed claim, and valid.  145 Ark. 481.

*A. J. Gilmer,* for appellee.

Appellant lost the benefit of his motion by his own negligence in not presenting same to the court.  66 Ark. 184; 114 Ark. 493; 145 Ark. 502. The decree was not void, as appellant never pressed his case in court, contenting himself with filing motion.  102 Ark. 252. Conceding that the judgment was erroneous after the expiration of the term at which the decree was rendered, the court has no power to set it aside or vacate it.  86 Ark. 504; Black on Judgments, p. 329; 97 Ark. 314.

HUMPHREYS, J.  On March 28, 1923, appellee instituted suit against appellant in the chancery court of Conway County to set aside a settlement of a claim, based on a life insurance policy, upon the alleged ground that said settlement was procured through false and fraudulent misrepresentations, and to recover the face value of the policy, less the amount of $25 paid as a consideration for the settlement.

On the 11th day of April, 1923, appellant filed an answer denying all the material allegations in the bill. On April 25, 1923, in the absence of appellant, the court heard the cause upon the pleadings and the oral testimony of appellee, and rendered a judgment against appellant for $175, the balance due on the policy after deduct-

ing $25 which had been paid as a consideration for the settlement.

At a subsequent term of the court, on January 28, 1923, appellant filed a motion to vacate the decree upon the ground that it had been rendered before trial day under the pleading and practice act.

On October 25, 1923, at an adjourned term, the court overruled the motion to vacate the decree, but failed to make a record thereof, so, at the following January term of court, on application of appellant, the order was rendered *nunc pro tunc.*

An appeal from the order overruling the motion to vacate the decree has been duly prosecuted to this court.

Appellant contends that the trial court should have set aside the decree, canceling the settlement and adjudging it to be indebted to appellee in the sum of $175, because said decree was rendered before the expiration of ninety days after the pleadings were completed. The premature rendition of the decree was erroneous. Crawford & Moses' Digest, § 1288; *Harnwell* v. *Miller,* 164 Ark. 15. The remedy to correct the error was by appeal and not by motion to vacate the decree after the adjournment of court.

Courts have no jurisdiction to set aside decrees after the expiration of the term at which they are rendered, except upon grounds specified in §§ 6290 to 6296, inclusive, of Crawford & Moses' Digest. None of the grounds specified in said sections exist in the instant case. It is true that appellant's motion to vacate the decree contains an allegation that the decree was rendered through a fraud practiced against appellant by the entry of the decree prematurely. The mere entry of the decree could not be characterized as the practicing of fraud upon appellant. The entry thereof was error, but not a fraud. No other facts are alleged as constituting a fraud, and no proof was offered as tending to show that the court rendering the decree was imposed upon. Appellant has not brought himself within the terms of the statutes aforesaid, either by allegations or proof.

No error appearing, the judgment is affirmed.