BANK OF RUSSELLVILLE v. WALTHALL.

4-4358

Opinion delivered October 5, 1936.

1112

*C. C. Wait,* for appellant.

*Bob Bailey,* for appellee.

BUTLER, J. The proceedings from whence this appeal comes originated in the Pope circuit court by the filing, on the 11th day of December, 1935, the following pleadings:

"Comes the defendant, E. F. Walthall, and moves the court to set aside judgment rendered in the circuit court of Pope county, Arkansas, on the 4th day of April, 1935, and states: That suit was filed in this case July 10, 1934, and judgment was rendered in the justice of peace court by default upon the part of the defendant on August 6, 1934. That notice was given of appeal at the same time affidavit filed on August 23, 1934, for appeal to the circuit court of Pope county, Arkansas.

"That Robert Bailey was the attorney for the defendant in said litigation and without any reason or notice whatever, although the attorney was present in court at all times, judgment was rendered against the defendants dismissing the appeal at the April term, 1935, of the circuit court of Pope county, Arkansas.

"That the taking of said judgment or dismissing of said appeal by plaintiff was a fraud practiced by the plaintiff in obtaining the judgment and the defendant has a meritorious defense to said cause of action.

"Wherefore, premises seen, defendant prays that said judgment be set aside and held for naught."

The Bank of Russellville filed its general demurrer to the motion and also answered as provided in § 1193 of the C. & M. Dig. The demurrer was overruled and, after having heard the evidence adduced, the court made an order setting aside the judgment dismissing the appeal of the appellee, Walthall. From the evidence it appears that a judgment was rendered July 10, 1934, against

Walthall in favor of the appellant bank in an action for the recovery of the balance due on a promissory note owned by the bank. This judgment was rendered by default and in apt time an appeal was prosecuted to the circuit court of Pope county which was docketed at the November term, 1934. The case was passed until the April term, 1935. It appears that the regular judge set the docket for the April term. In doing so he announced his disqualifications in this case and in five others which were marked by him as "Special" and set down for trial for the fifth day of April, 1935. On that day, Honorable Sam Rorex was elected special judge to try these cases. Not having disposed of all these cases on the fifth of April, he continued the instant case until the following day—Saturday, April 6. On that day he rendered a judgment dismissing Walthall's appeal. Later, after the term of the court had expired, an execution was issued out of the court of justice of the peace whereupon the motion to set aside the judgment of dismissal was filed.

A court, after lapse of the term, loses control over its final judgment and, in the absence of a statute conferring such power, cannot at a subsequent term alter or vacate the same. *Johnson* v. *Campbell*, 52 Ark. 316, 12 S. W. 578. Only in the provisions of §§ 571 and 573 of the Civil Code, now §§ 6290 and 6292 of Crawford & Moses' Digest, is that authority to be found which can be exercised only in such manner and upon such terms as are prescribed therein. *Ayers* v. *Anderson Tully Co.*, 89 Ark. 160, 116 S. W. 199. It is therefore necessary both to plead and prove the allegations relied upon for a vacation of the judgment, as well as a *prima facie* showing of a valid defense to the original action. The allegation upon which the judgment in the instant case is sought to be set aside is that "the taking of said judgment or dismissal of said appeal * * * was a fraud practiced by the plaintiff in obtaining the judgment." This allegation was a mere conclusion of the pleader and insufficient to meet the rule that acts constituting fraud must be specifically alleged. *Twombly* v. *Kimbrough,*

24 Ark. 459; *Dashbrook* v. *Tri-County Highway Imp. Dist.*, 152 Ark. 461, 238 S. W. 601. Not only was the allegation insufficient, but also the proof adduced to establish the fraud. At most it was to the effect that the judgment was rendered in the absence of defendant's attorney and on a day when it was not customary to hold court, and that when a case was called it was the usual procedure to call the absent attorney and notify him that the case was on call; that the office of the defendant's attorney was only a block from the court house and he could have been easily reached and notified. The evidence fails to show any affirmative conduct on the part of the bank or its attorney on the occasion of the dismissal of Walthall's appeal tending to show any imposition or fraud practiced upon the court in procuring the order. This was necessary to establish fraud sufficient to warrant the setting aside of the judgment after the lapse of the term. *Boynton* v. *Ashabranner*, 75 Ark. 415, 88 S. W. 566, 1011; 91 S. W. 20; *H. G. Pugh & Co.* v. *Martin,* 164 Ark. 423, 262 S. W. 308.

Having reached the conclusion that fraud was not properly alleged or sufficiently proved, it becomes unnecessary to notice the other questions raised by the litigants in their respective briefs. It is suggested by counsel for appellee that the evidence shows that Rorex was not elected special judge on the 5th day of April, but on the 6th, and that therefore his order issued on the 5th continuing the case to the next day was at a time when he had no authority to act. It is true the clerk appears to have been confused and gave some testimony which might support the contention of Walthall. This, however, is clearly disproved by the certified copy of the record showing the election of Rorex as special judge on April 5, 1935.

It follows that the trial court erred in vacating the judgment of dismissal. Its judgment is, therefore, reversed, and the motion to vacate is dismissed.