4-5865 139 S. W. 2d 688

Opinion delivered April 22, 1940.

*Coulter & Coulter,* for appellant.

*C. M. Martin, W. H. Kitchens, Jr.,* and *Walter L. Pope,* for appellee.

GRIFFIN SMITH, C. J. A cause styled *"W. A. Boyd, et al., v. Donia Baker, et al.,"* was pending in Columbia chancery court.

January 24, 1939, C. M. Martin petitioned to intervene. The court found that the property subject-matter was encumbered with a judgment. There was decree of foreclosure in Boyd's favor for $1,171.10.

Response to Martin's intervention was filed by the defendants through their attorney, Boone T. Coulter. It was found that Martin, because of legal services rendered the respondents, was entitled to a half interest in minerals pertaining to the land. *Baker* v. *Boyd,* 196 Ark. 563, 119 S. W. 2d 524.

Martin was allowed to redeem by paying Boyd's judgment, the order being that he should be subrogated to Boyd's rights ". . . for the full amount of the judgment, . . . less that proportionate part in value which the one-half mineral interest of C. M. Martin bears to the full value of said lands and the minerals therein."

Exceptions were duly taken and an appeal granted.

March 24 Martin declared his inability to pay the amount necessary to redeem. He relinquished the right accorded in the decretal order, but prayed that in the event the property should be redeemed he be allowed to discharge the lien on his interest ". . . from any person redeeming the same, by paying to such person such sum of money as the value of said minerals owned by him bears to the value of the property redeemed."

The record does not disclose what action was taken on Martin's motion prior to a decree of May 23, 1939, from which this appeal comes. In the meantime (April 24, 1939) Coulter filed response.

March 25 Coulter petitioned to redeem, alleging an interest. The court's order was that he be subrogated to Boyd's interest. There was a finding that Coulter had paid the correct amount—then $1,190.62—and that it had been accepted by Boyd. The decree provided that if Martin and the defendants should fail, within ten days, to contribute toward reimbursement of the sum paid by Coulter to redeem (payment to be made according to interests in the property) title should vest in Coulter.

In his response of April 24 Coulter alleged Martin's failure to redeem within a period of ten days fixed by the court in its decree of March 25. This decree was pleaded as *res judicata* in respect of Martin's claim.

Testimony was heard May 23 regarding value of the mineral rights in their relation to the fee; whereupon Martin was held to be entitled to discharge (to the extent of half of the mineral rights) the lien acquired by Coulter. Payment was directed to be made within 24 hours.

Martin paid $200—the requisite sum—into the registry of the court. November 11 check for $200 was issued to Coulter. It was indorsed and shows payment by the bank.

The contention of appellants is that the decree of January 24 became final when the term expired April 23 and that the court could not, at a subsequent term, modify the decree except in a manner provided by law. It is also insisted that there was insufficient evidence for a determination that Martin's interest equaled $200.

Appellants correctly state the law to be that courts lose jurisdiction of judgments and decrees with lapse of the term at which they were rendered. *Felker* v. *Rice,* 110 Ark. 70, 161 S. W. 162; *Old American Insurance Company* v. *Perry,* 167 Ark. 198, 266 S. W. 943; *Bank of Russellville* v. *Walthall,* 192 Ark. 1111, 96 S. W. 2d 952. Nor may jurisdiction of the subject-matter be conferred by consent. *McLain* v. *Brewington,* 138 Ark. 157, 211 S. W. 174.

Appellee has moved to dismiss the appeal on the ground that benefits of the judgment have been accepted. We agree. In *Watkins* v. *Martin,* 24 Ark. 14, 81 Am. Dec. 59, it was said: "Where a party has recovered a judgment, and received the amount of it from defendant, he will not be permitted to reverse the judgment on error." See *Coston* v. *Lee Wilson & Company,* 109 Ark. 548, 160 S. W. 857.

On authority of the cases cited the appeal is dismissed.