FULLERTON *v.* FULLERTON.

5-1851                                       323 S. W. 2d 926

Opinion delivered May 11, 1959.

*Willis V. Lewis,* for appellant.

*Talley & Owen,* by *Wayne W. Owen,* for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Ira Fullerton, appeals from an "Amended Decree" entered by the Pulaski Chancery Court (Second Division), wherein the court vested and confirmed title to a certain 40 acres of land located in Cleburne County, in appellee, Lois Fullerton; further decreed that title to a certain 6

acre tract was held by the parties as tenants by the entirety, and directed that appellant pay to appellee the sum of $20 per month as rent for said property so long as he remained in possession. Mrs. Fullerton cross-appeals from that portion of the decree finding that the two are tenants by the entirety to the 6 acre tract, it being her contention that she is the sole owner of all the property. The facts, in brief, are as follows:

The parties herein were husband and wife, living in Heber Springs, Cleburne County, Arkansas. In July, 1944, the 6 acre tract was deeded to appellee by third parties, while appellant was a member of the armed services. In April, 1946, the 40 acre tract was acquired, likewise being deeded to appellee. The parties lived on the properties until about September, 1955, when appellee came to Little Rock. On January 5, 1956, Mrs. Fullerton filed a complaint in the Pulaski Chancery Court seeking an absolute divorce from Mr. Fullerton. The complaint alleged general indignities, and prayed for the divorce, alimony, costs, and a reasonable fee for her attorney. Included in the complaint was a paragraph as follows: "Plaintiff states there is no property right or title, either real or personal, at issue in this cause of action  *  *  *  ," and then states that no children were born as a result of the marriage. Mr. Fullerton answered, admitting the marriage, agreeing "that there are no property rights involved herein  *  *  *  " and denying the material allegations of the complaint. Following the trial of the issues, the Chancery Court, on May 4,[1] entered its decree granting Lois Fullerton an absolute divorce from Ira Fullerton, ordering that the latter should pay to Mrs. Fullerton the sum of $60 per month, and further directing Mr. Fullerton to pay a fee of $100 to Mrs. Fullerton's attorney. The decree concluded: "The Court retains jurisdiction of this cause and of the parties hereto for such further orders and proceedings as may be necessary to enforce their rights herein." On November 13th, appellee filed a petition asserting that appellant had failed and refused to make the payments required under the decree, and asked that he be

---

[1] The decree was entered as of April 16th.

cited for contempt, and in compliance therewith, Fullerton was ordered to appear before the court on November 20th. Fullerton did not appear on the date set for hearing (it later developing that he was sick and unable to be present as ordered). On such date, the court entered an order, directed to appellant, as follows: "You are herewith ordered by the Court to vacate the premises and property belonging to the Plaintiff, Lois Fullerton, situated in Cleburne County, Arkansas." Subsequently, appellant filed a petition with the court, asserting unemployment and physical inability to work; further alleging that the farm on which he lived was his own property, "that while in service, he sent the money for the purchase of said property to the then owners, and that the plaintiff, Lois Fullerton, his then wife, learning of said transaction, did fraudulently prepare the deed representing same to have been authorized by the defendant and secured the signatures thereon by the sellers, placing the title to said property in her own name, without the knowledge or consent of defendant. That said plaintiff represented to defendant that the deed was in his name, and that she continued said subterfuge during the time that she lived with him, and that he recently learned for the first time of her fraud and deception," and asked that the deed to the property in Cleburne County be declared void, and the title vested in him. Appellee responded, asserting that she had owned the lands for more than seven years with the full knowledge of appellant, and that if he had any claim or cause of action relative to the property, same should have been raised and presented to the court prior to the entry of the original divorce decree; that "the cause is now *res adjudicata* * * * ," and appellant "is barred from setting forth any right, title, or interest, in and to said properties, in addition to his having been barred by the seven year statute of non-claim," and prayed, *inter alia*, that the title to the properties be quieted and confirmed in her. On trial, the court entered its decree as heretofore set out in the opening paragraph.[2]

---

[2] The decree also rendered judgment against appellant for $1,560, plus $102.96 interest, for accrued and unpaid support money, and modified the original decree to relieve appellant from any further payments of support.

542

In reaching a determination, we find it unnecessary to consider any point urged by appellant for reversal dealing with the proof relating to the ownership of the property, for we conclude that the court, after the lapse of the term, was without jurisdiction to determine the interests of the respective parties in the real estate here involved. The Chancery Court terms for Pulaski County commence the first Monday in April and the first Monday in October.[3] Appellee obtained her divorce decree during the April term, and the order directing appellant to vacate the property was entered during the following October term. We have many times held that a court is without authority to set aside or modify its decrees after the lapse of the term in which they were entered, except upon statutory grounds.[4] *Raymond* v. *Young,* 211 Ark. 577, 201 S. W. 2d 583, *Coulter* v. *Martin,* 201 Ark. 21, 139 S. W. 2d 688. We have even held this to be true though the motion was filed during the same term that the decree was entered, but not acted upon until after a new term commenced. *Stewart-Morris Implement Co.* v. *Koenig,* 226 Ark. 1001, 295 S. W. 2d 352. This question of jurisdiction is ignored in appellee's brief but we might point out that this Court has previously held that a court, in its original decree, may retain jurisdiction for the purpose of later adjudicating rights of the parties in specific property. In *Bradshaw* v. *Atkins,* 216 Ark. 757, 227 S. W. 2d 441, appellant instituted suit against appellee for a divorce, and alleged that appellee owned 80 acres of land near Star City, Arkansas, "and that the plaintiff has not released her dower rights thereto." The prayer of the complaint asked that she be granted a divorce, and "for her equities in any property owned by the defendant." She was awarded an uncontested divorce, and the decree recited:

"That the defendant owns eighty acres of land near Star City, Lincoln County, Arkansas, and that the plaintiff has not released dower and homestead rights thereto; that plaintiff's rights in and to said real estate should not be determined and declared at this time. * * *

[3] See Act 25 of the General Assembly of 1951.
[4] Sections 29-506 and 29-508, Ark. Stats. (1947) Anno.

It is, further  *  *  *  decreed by the court that the question of dower and homestead, and alimony in and to any real estate owned by the defendant at this time be, and the same is hereby, held in abeyance, and the court doth retain jurisdiction of this cause for the purpose of making such further orders concerning plaintiff's rights in and to said real estate as shown by evidence to be submitted by the parties hereto.''

The following notation was added by appellant's attorney and signed by appellee:

"I, James Bruce Atkins, hereby consent to the terms of this decree as disposition of real property owned by me. (Signed) James Bruce Atkins.''

In the cause before us, there was no retention of jurisdiction to determine questions relating to real estate. The original divorce decree recites:

"The Court retains jurisdiction of this cause and of the parties hereto for such further orders and proceedings as may be necessary to enforce their rights *herein.*'' (our emphasis)

The enforcement of the rights *herein* refers only to the $60 per month alimony awarded to appellee; certainly it could have had no reference to real property, for there was no award of realty in the decree, and in fact, both parties alleged that there were no property rights, ''either real or personal,'' at issue.

Appellee asserts that the question of the ownership of the real estate is *res judicata, i. e.,* title to the property has been in her name for several years, and, if appellant was making claim to any of the realty, he could, and should, have raised the issue in the original litigation between the parties. Other defenses to his claim are also asserted. We do not pass upon any question relating to ownership of the property. We only state, and find, that the Pulaski Chancery Court is without jurisdiction to determine that issue. The ownership of the property can now only be legally determined by the proper court in Cleburne County.

In accordance with the views herein expressed, the "Amended Decree," entered on October 23, 1958, *nunc pro tunc* as of August 27, 1958, insofar as it resolves the title to the real estate, is reversed, both on direct appeal and cross-appeal.

It is so ordered.