CITY OF GOSNELL et al *v.* CITY
OF BLYTHEVILLE et al

80-255             613 S.W. 2d 91

Supreme Court of Arkansas
Opinion delivered March 23, 1981

*Seay & Bristow* and *Reid, Burge & Prevallet*, for appellants.

*Graham Sudbury*, for appellees.

DARRELL HICKMAN, Justice. This is a case of two cities annexing the same twenty-five acres on the same day. The circuit court held the City of Blytheville's annexation should prevail over the neighboring city of Gosnell.

On appeal we find that all the legal and equitable arguments are on Gosnell's side and reverse the judgment.

The disputed twenty-five acres is a part of the Blytheville Air Force Base and contains housing for military personnel. In 1961 Blytheville annexed most of the base. The federal land, both that which was previously annexed and the twenty-five acres, is not served by either city. Neither city provides water or fire protection. Police protection in the past has consisted of the Blytheville City Police coming onto the base at the request of military authorities.

The dispute is actually over state turnback money, some $16,000 to $18,000 per year. Neither city will exercise any municipal authority over the territory unless the air base closes.

In 1961 when Blytheville annexed most of the base, the city also petitioned the county court to extend the township, Chickasawba, to include all the property to be annexed. The township boundary was changed to conform to the annexation.

The twenty-five acres in question are located in Bowen Township. Gosnell is located in Bowen Township and is adjacent to the twenty-five acres.

The circuit court found that Blytheville took the first valid act to annex the land, that Blytheville was the logical city to be granted the right to annex the twenty-five acres, and that the township problem was irrelevant.

We disagree with the court's finding in all respects. Gosnell started to annex the property by passing an ordinance on April 8, 1975, calling for a special annexation election. That ordinance was rescinded April 24, 1975, because, according to testimony, the two cities hoped to work out the problem.

On October 21, 1975, Gosnell passed another ordinance calling for a special election on November 25, 1975. However, Blytheville passed an ordinance on October 27th calling for an election one day earlier — November 24th. Both elections were held and both ordinances passed. There is authority that when two cities act at the same time to annex

land the city which takes the first valid step toward annexation should be favored. *City of Jackson* v. *Grimm*, 555 S.W. 2d 643 (Mo. Ct. App. 1977); *Village of Farmington* v. *Minn. Mun. Comm'r*, 284 Minn. 125, 170 N.W. 2d 197 (1969).

The circuit court's finding that Blytheville acted first was wrong in our judgment; the record shows otherwise. Also, we are somewhat persuaded that Ark. Stat. Ann. § 18-105, in force then but since repealed, was relevant. That statute provides: "No township line shall pass through any town in this state, but the whole of each town shall be located in one (1) township." (Replaced by Acts 1977 No. 742.)

Undoubtedly this law was intended to provide for the orderly maintenance of county government. A conflict of such boundaries would create innumerable problems because elections and local officials serve pursuant to such boundaries. A township line through a city would create a decidedly undesirable situation.

The court observed, however, that if Blytheville had been required to change the township boundary before the election to include the proposed twenty-five acres in Chickasawba Township, and the annexation failed, a no-man's land would be created. We disagree. Numerous Arkansas towns and cities are located in townships and the municipalities do not encompass the entire township in which they are located.

The trial court found it was more logical to annex the property to Blytheville. Undoubtedly Blytheville's city officials have worked well with the air base officials over the years. Most of the base is in the Blytheville city limits. But there is also evidence that Gosnell officials have worked with the air base officials and that the children living in the twenty-five acres attend schools in Gosnell. However, these factors cannot control the legal issue at stake.

We are persuaded that Gosnell's claim, considering all the facts and circumstances, is legally superior to Blytheville's.

Reversed.