STATE FARM FIRE AND CASUALTY INSURANCE COMPANY *v.* Jeff MOBLEY

CA 81-451                                          636 S.W.2d 299

Court of Appeals of Arkansas
Opinion delivered June 30, 1982
[Rehearing denied August 18, 1982.]

*Laser, Sharp & Huckabay, P.A.,* for appellant.

*Mobley & Smith,* by: *William F. Smith,* for appellee.

DONALD L. CORBIN, Judge. A Pope County Circuit Court jury returned a verdict in favor of the appellee in the

sum of $619.03 and judgment was entered on April 20, 1981. The appellee had sought a recovery for damages to his diamond ring in the amount of $4,754.00 plus penalties and attorney's fees. The appellant, State Farm Fire and Casualty Insurance Company, admitted that the ring was insured at the time of the loss; but contended its liability was limited to costs incurred by the appellee in having the stone recut.

On April 21, 1981, appellee filed a written motion to set aside the verdict and grant a new trial on the ground that the verdict was contrary to the law and the evidence. On July 21, 1981, the court, by order, took the motion for a new trial under advisement. On July 28, 1981, the trial court entered an order granting the motion for new trial based upon the trial judge's actions during the trial in allowing the jury to examine appellee's diamond ring during the course of the trial. It is from the action of the trial court in granting a new trial that appellant prosecutes this appeal. We reverse.

In *Jones* v. *Benton County Circuit Court,* 260 Ark. 893, 545 S.W.2d 621 (1977), the Supreme Court held that if the record did not affirmatively show the motion for a new trial was taken under advisement within 30 days from its filing, the trial court had no jurisdiction to grant the motion after the term of court expired. Rule 60 (b) of ARCP substitutes the 90-day limitation in place of the previously used limitation of "term of court". Ark. Stat. Ann. § 27-2106.4 provides:

> It shall be the duty of the party filing any motion provided for in the preceding section to present the same to the trial court within thirty [30] days from the date of filing and if the matter cannot be heard by the trial court within thirty [30] days, or for any good cause either party shall not be ready for final hearing within thirty [30] days, the moving party shall, within said period of thirty [30] days, request the trial court to set a definite date certain for hearing of such motion. Unless the motion shall have been presented to the trial court and taken under advisement within thirty [30] days from the date of its filing, or the trial court shall have set a date certain thereafter for hearing on the motion, it

shall be deemed, for purposes of this act, that the motion has been finally disposed of at the expiration of thirty [30] days from its filing, and time for filing of notice of appeal shall commence to run at the expiration of thirty [30] days from the filing of such motion. If the said motion shall have been presented to the trial court and taken under advisement, or the trial court shall have fixed a date certain for hearing thereof within thirty [30] days from its filing, said motion shall not be deemed to have been disposed of until the trial court shall enter its order granting or denying the motion. The expiration or lapse of a term of court or commencement of a subsequent term shall not affect the power of the court to take any action herein provided, or the time for filing notice of appeal.

Appellee caused several letters to be reprinted in his brief that would indicate that the delay by the trial court in considering appellee's motion was caused by the appellant. These letters are not a part of the record and, therefore, cannot be considered by the court. Thus, Ark. Stat. Ann. § 27-2106.4 has not been complied with because the record does not show: (a) that the motion was presented to and taken under advisement by the trial court within the 30-day period or, (b) that the trial court set a date certain thereafter for a hearing on the motoin. The court therefore lost its jurisdiction to grant the relief sought after the expiration of 90 days from the entry of the judgment. We reverse.

MAYFIELD, C.J., and COOPER, J., concur.

GLAZE, J., not participating.

MELVIN MAYFIELD, Chief Judge, concurring. I concur in the decision in this case because the motion for new trial was not granted for more than 90 days after the judgment was filed with the clerk and I assume that under Civil Procedure Rule 60 (b) the judgment had to be set aside within 90 days.

I think Ark. Stat. Ann. § 27-2106.4 (Repl. 1979) has been superseded by Rule 4 of our Rules of Appellate Procedure.

At least, Reporter's Note 2 under that rule indicates that § 27-2106.3 *et seq* has been superseded. Appellate Procedure Rule 4, however, makes the same general provisions as did Act 123 of 1963 which appears as Ark. Stat. Ann. §§ 27-2106.3 through 27-2106.6 (Repl. 1979).

If the 90 days had not run, then the court would have had the authority to set aside the judgment, in my opinion, regardless of whether the motion had been taken under advisement within 30 days. What is not clear is whether the judgment could be set aside after 90 days from its filing *even* if the motion *had* been taken under advisement within the 30 days.

Regardless, it is extremely important to realize that Rule 4 and § 27-2106.4 (if it has not been superseded) vitally affect the time element involved in appealing from the trial court.

The filing of a motion for new trial is fraught with great procedural danger — unnecessarily so — it seems to me.