BLISSARD MANAGEMENT AND REALTY, INC. and
Dwight BLISSARD, Jr., *v.* Bettye KREMER

84-158                                                  680 S.W.2d 694

Supreme Court of Arkansas
Opinion delivered December 3, 1984
[Rehearing denied December 21, 1984.]

*Huckabay, Munson, Rowlett & Tilley, P.A.*, for appellants.

*Davidson Law Firm, Ltd.*, for appellee.

JOHN I. PURTLE, Justice. The trial court declared a mistrial when it apparently decided the verdict returned by the jury did not express their true intent. Both plaintiffs and defendant appeal, each arguing that the court should reform the verdict to conform with their own conclusions. We hold

that under the circumstances of this case the trial court properly exercised its discretion in declaring a mistrial and placing the matter back on the trial docket.

Appellee sued the appellants and a third party as a result of injuries she received from a fall on allegedly unlighted common ground of the condominiums where she resided. The third party made a separate settlement and was released from the lawsuit prior to the trial. By amended complaint appellee alleged negligence and breach of contract of repair and maintenance by Dwight Blissard, Jr. and Blissard Management and Realty, Inc. (appellants) who managed the condominium which appellee rented. The answer and counterclaim alleged contributory negligence and assumption of risk. The trial court permitted appellee to argue damages based upon breach of an oral contract between her and appellants. At least one instruction was given on a negligence theory (AMI 301). Instructions on ordinary care and assumption of risk were also given.

The verdict returned by the jury was as follows:

We, the Jury, find for the Defendant, Dwight Blissard, Jr. and Blissard Management & Realty, Inc. on the Complaint of the Plaintiff, Bettye Kremer, and for Bettye Kremer, the Plaintiff, on the complaint of the Defendant, Dwight Blissard, Jr. and Blissard Management & Realty, Inc.

FOREMAN

It is readily apparent that the verdict is subject to more than one interpretation. The writing on the left hand side was not noticed until after the jury was dismissed. Immediately thereafter three members of the jury panel went into the court chambers and informed the judge that they were confused by the verdict form but wanted to make the award as it was written on the side. Both parties requested that the verdict be reformed by the court but they did not agree on the proper manner of reformation. Eventually the court entered the mistrial and both parties appeal.

Appellants contend the verdict should be amended to reflect the figures written in on the left side of the verdict and that they should be given credit for the amount paid by the third party. This amount being greater than $5,000, the appellants would owe appellee nothing. In the alternative, appellants argue that the notations on the verdict form should be disregarded as meaningless surplus. The appellee wants the verdict reformed but wants the $500 deducted from the $5,000, thereby leaving a verdict in favor of the appellee in the amount of $4,500.

It is the practice of this court to accept as correct the decisions of the trial court which the appealing parties do not show to be wrong. *Hazen* v. *City of Booneville,* 260 Ark. 871, 545 S.W.2d 614 (1977). Neither party has really argued that the trial court did not have discretion to declare the verdict invalid. They have each argued instead that the court did have discretion to reform the verdict in their favor. Perhaps this could be treated as arguing that the court abused its discretion. The parties each claim the case was tried under different theories. There is reason to believe AMI 301 was inadvertently given because the court restricted appellee's argument to breach of contract. However, we do not reach these issues because we decide the matter on the issue of the discretion of the court.

For a very long time we have held that a court retains control over its judgments during the term at which they are made. When a judgment is set aside during the term, the parties are put back in the position they were in before the judgment was entered. *Underwood* v. *Sledge,* 27 Ark. 295

(1871). During the term a judgment remains subject to the plenary control of the court and may be vacated, set aside, modified or annulled upon application or upon the court's own initiative. *Stinson* v. *Stinson,* 203 Ark. 888, 159 S.W.2d 446 (1942). The power of the courts to modify or set aside a judgment during the term it was entered [now 90 days: ARCP Rule 60 (b)] exists as an inherent power and outside of any rule or statute. *Massengale* v. *Johnson,* 269 Ark. 269, 599 S.W.2d 743 (1980).

Neither party having shown the trial court abused its discretion in declaring a mistrial and returning the case to the trial docket, we uphold the trial court's action.

Affirmed on direct and cross appeal.