Linda M. BURGESS *v.* Richard P. BURGESS

85-75                                                696 S.W.2d 312

Supreme Court of Arkansas
Opinion delivered September 16, 1985

*Robert M. Wilson, Jr.,* for appellant.

*Clarence W. Cash,* for appellee.

STEELE HAYS, Justice. This appeal challenges the power of a chancellor to modify an order under the provisions of Rule 60 of the Arkansas Rules of Civil Procedure.

These parties were divorced by a decree which made no

mention of marital property. From the record it appears the parties spent several months attempting to reach a property settlement and evidently had agreed on some, though not all, of the disputed items.

On July 23, 1984, an order was entered either by agreement or by ruling of the court, we cannot determine which. The order awarded Linda Burgess, appellant, a one-fourth interest in real property in Texas and a judgment of $17,374.94 against Richard Burgess, appellee.

Some six months later Richard Burgess moved to amend the order, followed by two similar motions, asserting errors and ambiguities in the original order allegedly requiring clarification. The Chancellor granted the motion upon a finding that a court's inherent powers allow it to correct or interpret any order previously entered. The second order corrected the amount of the judgment to $15,606.68, and recited that upon payment of that amount the appellant would no longer have an interest in the Texas property.

Linda Burgess has appealed on two points of error: 1) The court had no power to modify the original order because the ninety days permitted by ARCP 60(b) had expired and no grounds for modification under ARCP 60(c) were alleged; and 2) The court may apply its inherent powers to modify an order only by the entry of a nunc pro tunc order, which, she argues, was not done in this case.

■ Rule 60 of the Arkansas Rules of Civil Procedure, RELIEF FROM JUDGMENT, DECREE OR ORDER, was intended to retain Arkansas law in effect at the time the rules were adopted.[1] In substance, section (a) permits the correction of clerical mistakes and errors arising from oversight or omission at any time by the court on its own motion or on the motion of any party.

---

[1] For cases dealing with the inherent power of courts to correct judgments, see: *McGibbony* v. *McGibbony*, 12 Ark. App. 141, 671 S.W.2d 212 (1984); *Harrison* v. *Bradford*, 9 Ark. App. 156, 655 S.W.2d 466 (1983); *Southern Farm Bur. Cas. Ins. Co.* v. *Robinson*, 238 Ark. 159, 379 S.W.2d 8 (1964); *Fitzjarrald* v. *Fitzjarrald*, 233 Ark. 328, 344 S.W.2d 584 (1961); *King & Houston* v. *State Bank*, 9 Ark. 185 (1848).

■ Section (b) permits the court to correct *any* error or mistake, or to prevent the miscarriage of justice, within ninety days following the filing of the judgment. Section (c) sets out the grounds by which a judgment may be changed after ninety days have elapsed. Neither section (b) nor (c) is involved here.

■ Linda Burgess makes no claim that it was intended that she receive some $17,000 in addition to the interest in the Texas property and the record indicates that that was not the intent, though we can arrive at no definitive conclusion. However, we will not attempt to decide whether the Chancellor was simply correcting the order to make it conform to what was intended, which he has the inherent power to do under Rule 60(a), or was attempting to revise the order in an impermissible manner except in accordance with 60(b) or (c), because the appellant has not provided an abstract which would enable us to make that decision, a difficult one at best. Rule 9(e)(2) of the Rules of the Supreme Court and the Court of Appeals provides that where the abstract is flagrantly deficient the appeal is subject to affirmance for noncompliance with the rule. In numerous cases we have stressed the necessity of an abstract that permits an adequate comprehension of the arguments on appeal. *Farrco v. Goleman*, 267 Ark. 159, 589 S.W.2d 573 (1979). Smith, Arkansas Appellate Practice; Abstracting the Record, 31 Ark. L. Rev. 359 (1977).

The abstract in this case gives us nothing in the way of information concerning the marital properties, nor anything that would enable us to determine how the original order was arrived at, or whether it may have failed to reflect what the parties, or the court, actually intended. The orders of July 23, 1983 and February 22, 1984, and the motions for modification, are crucial to any clear understanding of the arguments on appeal, yet the abstract gives us only the sketchiest impression. They are not abstracted in the first person, as required, and such abstract as exists consist merely of a brief description in the third person. To illustrate, the abstract describes the first motion as follows:

> Counsel for Appellee filed this Motion for Amended Decree setting out the grounds for the original trial on distribution of the property held on July 23, 1984. The motion did not contain a prayer for relief. (Abstract, p. 5).

The record reveals a motion consisting of eleven paragraphs identifying numerous assets belonging to the parties, and listing credits or debits claimed by appellee. It explains what had been distributed to Linda Burgess and what was still due, and finally, it calculates a balance of $12,879.94 assertedly still due her.

When appellant moved to dismiss the motion pursuant to Rule 60(b) and (c), appellee filed an amended motion which the abstract describes merely as "identical to the [earlier] motion. However this one included a prayer requesting that the ambiguity of the Decree be clarified to reflect the findings of the Court that the Judgment included the interest of the Plaintiff in the Texas real estate." (Abstract, p. 6).

From the record we find that the second motion enlarges considerably on the first, and refers to a proposal filed on July 9, 1984, which is not abstracted, allegedly the basis of the $17,374.94 judgment in the original order. The motion details mathematical errors alleged to have occurred in arriving at the judgment and claims appellant received $5,162.94 from Stewart Title Company, of which $4,494.00 was applicable to the judgment. Finally, the motion alleges that the judgment is subject to an interpretation contrary to the actual findings of the court and needs clarification.

The abstract makes no mention of the second order being entered nunc pro tunc. To the contrary, appellant argues at some length that because the order was not entered nunc pro tunc this "clearly illustrates" that it should be reversed since it was not done in accordance with Rule 60(b) or (c). But the fact is the second order plainly provides that it *is* entered nunc pro tunc, as the abstract should have shown. (See Record, p. 53).

As we have often pointed out there is but one record and, as a practical matter, seven judges cannot take turns scrutinizing a single record in an effort to determine whether reversible error has occurred. It is the appellant's burden to present an abstract that sufficiently demonstrates reversible error. *United States* v. *Davidson*, 14 Ark. App. 144, 686 S.W.2d 455 (1985); *Knabe* v. *Ball*, 253 Ark. 351, 485 S.W.2d 769 (1976). Appellant has failed to do that in this case and, accordingly, the order appealed from is affirmed.

Affirmed.

PURTLE, J., not participating.