Larry LOYD, Deborah LOYD, Jerry TURNER, Agents for
Petitioners and CITY OF POTTSVILLE, ARK., W.H.
HARRIS, Mayor, J.D. BAKER, Jerry DUVALL, Adolph
VODRAZKA, Jr., Samie CHANSLEY, Jr., Gordon
GOREE, City Aldermen *v.* CITY OF RUSSELVILLE

85-103                                    696 S.W.2d 741

Supreme Court of Arkansas
Opinion delivered October 7, 1985

*Laws & Swain*, by: *William S. Swain*, for appellant.

*John Bynum*, for appellee.

JACK HOLT, JR., Chief Justice. This appeal concerns a question of priority when two cities attempt to annex the same property within similar time frames. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(g), as this case presents questions about annexation by election.

The named parties in this litigation are representatives of the city of Pottsville, Arkansas, and the city of Russellville, Arkansas, which are in dispute over annexation of lands which are contiguous to both cities.

On a challenge brought by Russellville, the Pope County Circuit Court ruled that Russellville had jurisdictional priority over Pottsville in their annexation proceedings because Russellville had taken its "first public procedural step" in the annexation process before Pottsville. Pottsville sought to have the judgment in favor of Russellville set aside, inasmuch as the Russellville annexation was declared invalid in a separate proceeding because of failure to comply with certain statutory requirements. The decision was reaffirmed by the trial court. We disagree and hold that the decision in favor of Russellville should have been set aside because Russellville's annexation has been decreed invalid, thus leaving Pottsville as the legal annexationist of the disputed area. .

Pottsville began plans for annexation in December, 1983 by preparing and circulating a petition. Russellville's first action toward annexation occurred in January, 1984 when it passed a city ordinance calling for an election to be held March 13, 1984 on annexation of lands that overlapped the lands Pottsville planned to annex. Pottsville took what the circuit court described as its "first public procedural step" towards annexation when it filed its petition in the county clerk's office on February 13, 1984.

Russellville voted for annexation March 13. On March 14, the Pottsville hearing on annexation was held, after which an order was signed annexing the land. Russellville then filed suit

challenging the Pottsville annexation and the circuit court ruled that, although it was more logical to annex the lands to Pottsville, Russellville had priority because it had taken the "first public procedural step" in the statutory process for annexation.

On January 22, 1985, however, the Russellville annexation was ruled invalid and Pottsville moved to have the judgment against it set aside. The motion was denied and Pottsville challenges the original judgment and the denial of the motion on appeal.

In deciding disputes between cities attempting to annex the same land at the same time, we have held that "the city which takes the first valid step toward annexation should be favored." *City of Gosnell* v. *City of Blytheville*, 272 Ark. 218, 613 S.W.2d 91 (1981). Whether the trial court's finding, that Russellville had taken the "first public procedural step", was the equivalent of a "valid step" as described in *City of Gosnell*, is of no consequence inasmuch as the question is now moot. Because the Russellville annexation has been legally declared invalid, the trial court should have set aside its findings in favor of Russellville and reinstated the Pottsville annexation.

Our rules of civil procedure provide that a decree or order of a circuit, chancery or probate court may be set aside within 90 days of its having been filed with the clerk to correct any error or mistake or to prevent the miscarriage of justice. Ark. R. Civ. P. Rule 60(b). The trial court retains control over its judgments during this time and, when an order is set aside, the parties are put back in the position they were before the judgment was entered. *Blissard Management & Realty, Inc.* v. *Kremer*, 284 Ark. 136, 680 S.W.2d 694 (1984), *rehearing denied.*

Upon proof of the invalidation of Russellville's annexation, the circuit court should have reinstated the Pottsville annexation since it was challenged only on the basis that the

petition for annexation was filed after the Russellville ordinance was passed. As no other challenge was made, it stands now as the only properly performed annexation of the land. Accordingly, we reverse and remand with instructions that the order annexing the land into the City of Pottsville be reinstated.

Reversed and remanded.

PURTLE, J., not participating.