Tyree PHILLIPS, Sr. *v.* Karen JACOBS, Individually and
as Next Friend of Kimberly Jacobs

90-350                                807 S.W.2d 923

Supreme Court of Arkansas
Opinion delivered April 29, 1991

*Boswell, Tucker & Brewster*, by: *Robert E. McCallum*, for
appellant.

*Jim Pedigo*, for appellee.

ROBERT L. BROWN, Justice. This case comes to us as a one-brief case, the appellee Karen Jacobs having failed to respond. The dispositive issue is whether the trial court's failure to enter an order disposing of the appellee's motion for a new trial within thirty days divested the trial court of jurisdiction to act on the motion thereafter.

We hold that it did, and we reverse the trial court's order granting a new trial entered more than thirty days after the motion was filed.

The facts are these. The appellee Jacobs sued the appellant Phillips for damages resulting from an automobile accident on Highway 67 East near Hope, Arkansas. A jury returned a verdict in favor of the appellant on March 12, 1990. The appellee then filed a motion to set aside the verdict and to grant a new trial under ARCP Rule 59 on April 3, 1990. The basis for the new trial motion was that the verdict was clearly contrary to the preponderance of the evidence. No written order either granting or denying the motion was entered within thirty days of that motion. The trial judge did, according to the appellant, write the parties a letter dated May 3, 1990, granting the new trial. However, that letter was not entered of record and is not before us on appeal. On May 17, 1990, forty-four days after the filing of the motion, the trial court entered its order granting a new trial. The appellant then filed this appeal to void the trial court's order granting the new trial on grounds that the court had no jurisdiction to act on the motion after the thirty day period had expired.

Rule 4(c) of the Arkansas Rules of Appellate Procedure (1989) is the operable rule in this regard, and it states in pertinent part:

> Disposition of Posttrial Motion. If a timely motion listed in section (b) of this rule is filed in the trial court by any party, the time for appeal for all parties shall run from the entry of the order granting or denying a new trial or granting or denying any other such motion. Provided, that if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion will be deemed denied as of the 30th day.

Hence, Rule 4(c) is clear that failure to act within thirty days will

be deemed a denial.

We recently held that the effect of this lack of action by the trial court within thirty days was loss of jurisdiction to consider the motion. *See Deason* v. *Farmers & Merchants Bank*, 299 Ark. 167, 771 S.W.2d 749 (1989). The *Deason* facts were substantially similar. A jury verdict was entered against the bank and a judgment followed. The bank moved for a new trial, but the trial court failed to rule on the motion within thirty days. The result was a loss of jurisdiction with respect to that motion in the trial court:

> The record is very clear that the motion was not ruled on, taken under advisement, or set for a hearing prior to the close of business on July 5, 1988, the day the 30 days expired. Thus the motion was deemed denied, and the order entered on July 21 was void and of no effect.

299 Ark. at 172; 771 S.W.2d at 752-753.

Though Rule 4(c) was somewhat different prior to the effective date of our Per Curiam of March 14, 1988, which simplified its terms, it consistently has required that trial court to act in some form or fashion on new trial motions within thirty days of filing, and we have previously held that failure to act within that time frame results in loss of jurisdiction to grant the relief requested under the motion. *See e.g.,* *Street* v. *Kurzinski*, 290 Ark. 155, 717 S.W.2d 798 (1986). We have further held that a decision by the trial court within the thirty days which is not entered of record fails to meet the dictates of Rule 4(c). *See Coking Coal, Inc.* v. *Arkoma Coal Corp.*, 278 Ark. 446, 646 S.W.2d 12 (1983).

Nor does ARCP Rule 60(b) invest the trial court with jurisdiction to act on a Rule 59 motion beyond the thirty day period. Rule 60(a) does grant authority in the trial court to act on its own motion to correct clerical errors and mistakes. Rule 60(b) then provides ninety days in which the trial court may, on its motion or any party's motion, correct the error or "prevent *the* miscarriage of justice." [Emphasis ours.] The reference to certain miscarriages of justice in Rule 60(b) is a reference to those clerical errors or mistakes described in Rule 60(a). Rule 60(c) details grounds for setting aside a judgment after ninety

days, including new evidence discovered after the expiration of ninety days. New evidence is also a ground for a new trial motion under Rule 59, but that relates to new evidence discovered within ten days of judgment. No other reference to Rule 59 is made in Rule 60(c). Other than the one reference to newly discovered evidence, Rule 60 generally governs relief for mistakes and errors and fraud in obtaining the judgment, which are distinct and apart from those grounds substantially affecting the material rights of a party set out in Rule 59.

■ Though Rule 60 of the Federal Rules of Civil Procedure is substantially different from our Rule 60, the federal rule like our rule is essentially concerned with correcting mistakes and errors in judgments as well as fraud in obtaining the judgment. The relationship of Fed. R. Civ. P. 60 to Fed. R. Civ. P. 59, which also deals with new trial motions, is, therefore, of some help to us in determining the relationship between our rules. Wright and Miller in their treatise noted the words of one court on the salutary effect of Fed. R. Civ. P. 60(b) in providing relief against judgments unfairly, fraudulently or mistakenly entered but then quoted from the same case to the effect "that it would be a perversion of the rule and its purpose to permit it to be used to circumvent another rule." Wright & Miller, *Federal Practice and Procedure: Civil* § 2858, p. 169; quoting from *Edwards* v. *Velvac*, 19 F.R.D. 504, 507 (D.C. Wisc. 1956), cert. den., 354 U.S. 942 (1956). We agree. In the *Velvac* case the rule being circumvented by the request for Rule 60 relief was the rule providing the time frame in which to file a notice of appeal. Similarly, Rule 60 under our Arkansas rules should not be used to breathe life into an otherwise defunct Rule 59 motion. We, accordingly, reaffirm our holdings that when a Rule 59 motion is timely made, the trial court must decide the motion within thirty days of its filing and enter that decision of record. Otherwise, the trial court loses jurisdiction to grant the relief requested in the motion.

We are mindful of previous precedent holding that the trial court loses jurisdiction to act on a motion for a new trial after ninety days from judgment under Rule 60(b) as opposed to thirty days from the motion under Appellate Rule 4(c). *See Mullen* v. *Couch*, 288 Ark. 231, 703 S.W.2d 866 (1986). In *Mullen*, however, the specific question of whether the trial court also lost

jurisdiction to grant or deny the motion by not acting within thirty days was not at issue, because the trial court did not grant the motion for a new trial until more than ninety days had passed from entry of judgment. Accordingly, the issue was dispensed with under Rule 60(b).

To the same effect is a court of appeals decision holding that the trial court has ninety days from judgment to grant the relief sought in a new trial motion. *See State Farm and Casualty Insurance Co.* v. *Mobley*, 5 Ark. App. 293, 636 S.W.2d 299 (1982). In that case the trial court had not acted on a new trial motion within thirty days of the motion. Though the court of appeals held that the trial court lost jurisdiction over the motion by not granting relief within ninety days from judgment, our holding today emphasizes that jurisdiction to decide the motion was actually lost much earlier than that—after thirty days from the date of the motion.

The trial court, for the foregoing reasons, was devoid of jurisdiction to grant a new trial in the case before us. That order is reversed and remanded for reinstatement of the judgment on the verdict.

Reversed and remanded.

HAYS, GLAZE, and CORBIN, JJ., dissent.

STEELE HAYS, Justice, dissenting. I readily agree that a litigant who fails to appeal within the time allowed under Rule 4(c) of the Arkansas Rules of Appellate Procedure, loses the right to appeal. That does not mean, however, that a trial court loses jurisdiction over its judgments after the lapse of the times designated under Rule 4. The trial courts have plenary power to modify or vacate a judgment, order or decree either on the motion of a party or on their own initiative for ninety days from the date the judgment is entered, and that power is inherent and historic. Its roots are deeply embedded in the common law. *St. Louis & N.A. Rd. Co.* v. *Bratton*, 93 Ark. 234, 124 S.W. 752 (1910). Originally the power was co-extensive with the terms of court, but by Act 358 of 1969 that was changed to ninety days for probate

and chancery courts[1] and later circuit courts were included for purposes of uniformity.

Our cases, whether recent or early, recognize the unbridled power by courts of record over their judgments and decrees either during the term of court, or a lesser period fixed by statute. In *Blissard Mgt. & Realty, Inc. v. Kremer*, 284 Ark. 136, 680 S.W.2d 694 (1984), we said:

> During the term, a judgment remains subject to the plenary control of the court and may be vacated, set aside, modified or annulled upon application or upon the court's own initiative; *the power of the courts to modify or set aside a judgment during the term it was entered exists as an inherent power and outside of any rule or statute.* [My emphasis.]

In *Carter v. Carter*, 303 Ark. 70, 792 S.W.2d 597 (1990), we quoted that identical language in recognizing a chancellor's inherent power to act on a motion to modify a decree filed some two and a half months after the decree.

In *Henry v. Powell*, 262 Ark. 763, 561 S.W.2d 296 (1978), Justice George Rose Smith wrote for this court:

> We have no doubt about the regular judge's authority to set aside the special judge's order, within 90 days. At common law, as exemplified by our own cases, a judge had unlimited control over his judgments and orders during the same term of court. Within that time he could set aside his own judgments at will, without any motion having been filed by a party to the case and without notice to anyone. *Security Bank of Branson v. Speer*, 203 Ark. 562, 157 S.W.2d 775 (1942). There was no requirement that the court's action conform to statutes relating to the vacation of judgments after the expiration of the term. *McDonald v. Olla State Bank*, 192 Ark. 603, 93 S.W.2d 325 (1936).

---

[1] Section 4 of Act 358 reads: "Any such decree or order may be modified, set aside or vacated within ninety (90) days from the filing thereof with the clerk of the court or in pursuance to a motion made within such ninety (90) days, wherever, under the law heretofore in force, it might be modified, set aside or vacated prior to the expiration of the term of court at which it was rendered or in pursuance of a motion made at that term.

The purpose of the rule, of course, was to permit a judge to correct his own errors without putting the parties to the expense and delay involved in an appeal.

Essentially, the common-law rule still prevails in Arkansas. Terms of court in chancery have been abolished, but the repealing law specifically provides that for 90 days the chancellor has the same authority that he would previously have had during the same term of court.

Recently, in *City of Little Rock* v. *Ragan*, 297 Ark. 525, 763 S.W.2d 87 (1989), we said:

[W]e have held frequently that the trial court loses the power to act under Rule 60(b) after ninety days from the filing of the judgment, decree or order with the clerk. Here, while appellant's motion was filed on the 89th day and thus was timely, any power by the court to act on the motion lapsed with the expiration of the ninety days.

In *Loyd* v. *City of Russellville*, 287 Ark. 95, 696 S.W.2d 741 (1985), we said:

The trial court retains control over its judgments during the 90-day period provided for in subsection (b) of this rule, and when an order is set aside, the parties are put back in the position they occupied before the judgment was entered.

This settled principle of law was specifically incorporated into Rule 60(b) of the Arkansas Rules of Civil Procedure. *Cigna Ins. Co.* v. *Brisson*, 294 Ark. 504, 744 S.W.2d 716 (1988), ("Rule 60(b) authorizes the court to modify or set aside a judgment, decree or order on its own motion or on the motion of a party 'within ninety days of its having been filed with the clerk'.") In *Burgess* v. *Burgess*, 286 Ark. 497, 696 S.W.2d 312 (1985), we noted that "section (b) permits the court to correct *any* error or mistake, or to prevent the miscarriage of justice, within ninety days following the filing of the judgment." The cases recognizing the inherent power of courts of record to vacate or modify their orders and judgments are legion. *Fullerton* v. *Fullerton*, 230 Ark. 539, 323 S.W.2d 926 (1959); *Raymond* v. *Young*, 211 Ark. 577, 201 S.W.2d 583 (1947); *Coulter* v. *Martin*, 201 Ark. 21, 139 S.W.2d 688 (1940); *Bank of Russellville* v. *Walthall*, 192 Ark.

1111 (1936); *Old American Ins. Co.* v. *Perry*, 167 Ark. 198 (1924); *Filkes* v. *Rice*, 110 Ark. 70 (1913); *Johnson* v. *Campbell*, 52 Ark. 316 (1889); *Turner* v. *Vaughan*, 33 Ark. 454 (1878).

Unfortunately, two lines of cases have evolved from this court, depending on whether we were interpreting Rule 4 or Rule 60. Today's decision by the majority attempts to resolve that dichotomy, but at a high price, the *subjugation* of Rule 60 to Rule 4, which sorely limits the inherent power long recognized by the law. The fact is the two rules can be harmonized simply by recognizing that Rule 4 deals merely with appeal, whereas Rule 60 deals with the power of trial courts over their judgments.

Rule 4, like Rule 60, was intended to incorporate existing law of appellate procedure into Rule 4. *See* Reporter's Notes to Rule 4. Indeed, this court recognized the distinction between what is now Rule 4 and Rule 60, in *Old American Life Ins. Co.* v. *Lewis*, 246 Ark. 322, 438 S.W.2d 22 (1969), interpreting Act 123 of 1963. Act 123 was designed to remedy an appeal problem which surfaced following the adoption of Act 555 of 1953. As noted in the decision in *Lewis*, Act 123 established a procedure whereby the time for filing notice of appeal could be postponed pending the determination of postjudgment motions. Speaking for a unanimous court, Justice Lyle Brown wrote:

> Act 123 does not affect the long established procedures for the setting aside of judgments. It is clear from an examination of the act that the principal subject of all four sections is "notice of appeal": in fact that phrase appears in every section and a total of seven times in the comparatively short act. *Any doubt about the act not affecting existing procedures for review by the trial court of its proceedings is dispelled by the last sentence: Nothing herein contained shall be deemed to limit the right of any party to review of proceedings upon any motion which the law may permit to be filed after expiration of the time for giving notice of appeal.* [My emphasis.]

The problem, I believe, began when we used language suggesting that the trial courts had no jurisdiction to act on a postjudgment motion after the time limits existing in Rule 4. *See* e.g., *Street* v. *Kurzinski*, 290 Ark. 155, 717 S.W.2d 798 (1986) and *Deason* v. *Farmers and Merchants Bank of Rogers*, 299 Ark.

167, 771 S.W.2d 749 (1989). Since trial courts clearly had plenary power at common law to modify or vacate judgments during the terms of court and since Rule 4 was not intended to limit that power, the language of those cases (*Street* and *Deason*) cannot be squared with the law. The *Street* opinion cites *Smith* v. *Bone*, 284 Ark. 186, 680 S.W.2d 709 (1984), but no mention of jurisdiction is to be found in *Smith* v. *Bone*. It should be noted, as well, that the language in *Street* was dicta, as the holding was simply that a record tendered to this court for appeal was properly refused when no order extending the time for lodging the record was made or entered within ninety days of the notice of appeal. Nothing in that procedural problem, which is all too familiar to this court, calls into question the power of the trial court to revise a judgment or order within the time allowed by law, i.e., ninety days.

The assertion that the time limits in Rule 4 are jurisdictional limitations on the trial courts may be a result of confusing the jurisdiction of appellate courts. In *Davis* v. *Ralston Purina Co.*, 248 Ark. 14, 449 S.W.2d 709 (1979), for example, we said that the filing of a notice of appeal is jurisdictional, obviously a reference to the necessity of a timely notice of appeal to establish jurisdiction in the *appellate* court.

In *General Box Co.* v. *Scarlock*, 223 Ark. 967, 271 S.W.2d 40 (1954), and again in *White* v. *Avery*, 226 Ark. 951, 295 S.W.2d 365 (1956), we said the filing of a notice of cross-appeal within the time allowed is a "jurisdictional prerequisite to the perfection of a cross-appeal," obviously referring to the jurisdiction of *this* court. If any doubt remains, we made it crystal clear the jurisdiction referred to is our own in *LaRue* v. *LaRue*, 268 Ark. 86, 593 S.W.2d 185 (1980) and *City of Hot Springs* v. *McGeorge Construction Co.*, 260 Ark. 636, 543 S.W.2d 475 (1976).

In conclusion, the two rules are easily reconciled by giving them parity, rather than disparity. Thus, an appellant who fails to comply with Rule 4 after filing a postjudgment pleading has lost the right of appeal from the judgment, but a failure by a litigant to act in time cannot and should not have the effect of impairing an inherent power of a trial court to modify or even vacate a judgment within that period of time fixed by law. If a trial court

chooses for whatever reasons, whether due to reflection or a change of mind, it has the discretion to modify or vacate its judgments, provided it acts within ninety days. In this case the trial court elected to vacate its judgment within the time provided by law and on that basis I would affirm.

GLAZE, and CORBIN, JJ., join in this dissent.